**NEW ORLEANS FURNITURE EXPORT COMPANY, Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 3510.**

United States District Court, S. D. Mississippi, Jackson Division.

April 5, 1965.

Earl Thomas, Jackson, Miss., H. L. Hammett, New Orleans, La., for plaintiff.

R. E. Hauberg, U. S. Atty., Jackson, Miss., for defendant.

WILLIAM HAROLD COX, Chief Judge.

This is a suit for the recovery of income taxes imposed and collected by the United States under 26 U.S.C.A. § 531 et seq. The plaintiff is a wholly owned

subsidiary of the New Orleans Manufacturing Company. The surpluses of the corporation used for the assessments were as follows: 1957—eleven thousand seven hundred twenty-seven dollars eighty-one cents; 1958—sixteen thousand nine hundred ninety-five dollars eighty-three cents; 1959—thirteen thousand nine hundred eighty dollars seventy-one cents. The taxpayer was required to pay fourteen thousand nine hundred sixty-two dollars eighty-six cents and sues for a recovery of that amount plus interest from March 29, 1962. The facts in this case are not in dispute. The New Orleans Manufacturing Company had a loss each year in excess of the amount stated. There is no evidence before the Court that the plaintiff corporation was formed or availed of for the purpose of avoiding income taxes for such years to its stockholders by permitting such earnings and profits to accumulate instead of being divided or distributed. The taxpayer had no definite plan for expansion. It lent the manufacturing company one hundred twenty-two thousand one hundred forty-nine dollars forty-nine cents in 1957. The ratio of the taxpayer's cash to debt for 1957 was fifty-four to one; for 1958, it was 40 to 1; and for 1959, it was 40 to 1. The undisputed, positive testimony in the case is to the effect that a tax motive did not in any manner or to any extent influence the accumulation in question.

The accountant for the taxpayer testified without contradiction that under existing regulations of the Internal Revenue Department that the taxpayer was not liable for this 27½% assessment under the facts and circumstances stated. The taxpayer is a mere holding company and that of itself is prima facie evidence of the purpose to avoid the income tax with respect to shareholders; and earnings and profits of the corporation were thus permitted to accumulate beyond the reasonable needs and immediate requirements of the business, but the taxpayer has proved by a preponderance of the evidence that under the facts

and circumstances in this case, such was not its purpose and it was not liable for the tax for the years in suit.

The Court is of the opinion that the plaintiff is entitled to a refund of such taxes erroneously assessed and collected from it together with 6% interest thereon from and after March 29, 1962. A judgment accordingly may be presented for entry.